UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD COSBY, | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:19cv1937 (MPS) |
| | : |
| CORRECTION OFFICER BOYD, | : |
| REGISTERED NURSE PAGNONI, | : |
|     Defendants. | : |

**INITIAL REVIEW ORDER**

On December 9, 2019, the *pro se* plaintiff, Howard Cosby, a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Correction Officer Boyd and Registered Nurse ("RN") Pagnoni for violation of his Eighth Amendment rights. He sues Officer Boyd in his individual capacity for damages.[1] He has not specified whether he sues RN Pagnoni in his individual or official capacity. However, the Court construes his complaint as alleging a claim against RN Pagnoni in his individual capacity for damages based on his deliberate indifference to his medical needs.[2] For the following reasons, the Court will permit the plaintiff's Eighth Amendment and assault and battery claims to proceed.

**I.     STANDARD OF REVIEW**

---

[1] The plaintiff claims he sues Officer Boyd in his official capacity for punitive damages. Compl. [#1] at ¶ 14. The Court construes this assertion as a claim for punitive damages against Officer Boyd in his individual capacity because any claim for damages against Officer Boyd in his official capacity is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

[2] Plaintiff's request for relief provides that he is suing Officer Boyd based on the Eighth Amendment for damages. However, it makes no mention of RN Pagnoni.

1

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic*, 550 U.S. at 556).

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II.   ALLEGATIONS

On January 14, 2019, at MacDougall-Walker Correctional Institute, Correction Officer Boyd shut the cell door on the plaintiff, injuring the plaintiff's left shoulder. Compl. [#1] at ¶ 1. Although the plaintiff yelled out and waved his hand, Officer Boyd stared at him and did not open the door for about ten minutes before he opened the door. *Id.* at ¶ 1-2. Officer Boyd knew from the Warden that he should give prisoners adequate time during "chow" before closing the

cell doors. *Id.* at ¶¶ 5-6. The plaintiff has argued with Officer Boyd about this issue in the past.[3] *Id.* at ¶ 6. The plaintiff informed Officer Boyd that he had injured his left shoulder in the door and requested that he call medical. *Id.* at ¶ 3. Officer Boyd refused to call for medical staff and told the plaintiff to deal with it. *Id.*

After he made requests to the second shift unit correction officers to send him to the medical unit, the plaintiff saw RN Pagnoni and informed him that Officer Boyd had injured his left shoulder. *Id.* at ¶¶ at 3, 4, 11. RN Pagnoni got upset when he explained that Officer Boyd had caused the injury and refused to send him to medical for examination. *Id.* at ¶¶ 4-5. RN Pagnoni examined the plaintiff's shoulder and sent him back to his unit. *Id.* at ¶ 5.

RN Pagnoni lied in the medical report about the plaintiff's shoulder injury by stating, *inter alia*, the plaintiff had complained about a leg injury; that he was reportedly injured at lunch; that he had pushed himself into the "bubble" multiple times so that he could request sick call and commissary slips; and that he had been observed moving around in his wheelchair without issue. *Id.* at ¶ 11.

For six months after this incident, the plaintiff experienced much pain in his left shoulder. *Id.* at ¶ 13. RN Rose informed him that medical could not help him and that it would have to heal on its own. *Id.*

### III.   DISCUSSION

The court construes the plaintiff's complaint as alleging an Eighth Amendment violation based on Officer Boyd's alleged misuse of force. *See id.* at ¶¶ 5-8. The plaintiff's complaint may

---

[3] The plaintiff asserts that Officer Boyd intentionally closed the cell door on his shoulder in retaliation for prior arguments about giving prisoners more time to go in and out of the cell. *Id.* at ¶ 8.

also be construed to assert claims of Eighth Amendment claims of deliberate indifference to his medical needs by RN Pagnoni, and state law tort claims of assault and battery by Officer Boyd. *Id.* at ¶¶ 1-8.

### A. Misuse of Force

The Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). An inmate alleging excessive force in violation of the Eighth Amendment has the burden of establishing both an objective and subjective component to his claim. *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000); *see also Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Supreme Court established the minimum standard to be applied in determining whether force by a correctional officer against a sentenced inmate states a constitutional claim under the Eighth Amendment in contexts other than prison disturbances. When an inmate claims that excessive force has been used against him or her by a prison official, he or she has the burden of establishing both an objective and subjective component to his claim. *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

To meet the objective component, the inmate must allege that the defendant's conduct was serious enough to have violated "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (internal quotation marks and citation omitted). A *de minimis* use of force will rarely be sufficient to satisfy the objective element unless that force is also "repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 38 (quoting *Hudson*, 503 U.S. at 9-10 (internal quotation marks omitted)). However, it is the force used, not the injury sustained, that "ultimately counts." *Id.* A malicious use of force constitutes a per se Eighth Amendment violation. *Blyden*, 186 F.3d at 263

(citing *Hudson*, 503 at 9).

The extent of the inmate's injuries as a result of the defendant's conduct is not a factor in determining the objective component. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("core judicial inquiry" is "not whether a certain quantum of injury was sustained," but rather whether unreasonable force was applied given the circumstances); *Hudson*, 503 U.S. at 9 ("[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated" irrespective of whether significant injury is present).

The subjective component requires the inmate to show that the prison officials acted wantonly and focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)). The court considers factors including "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Id.* (internal quotations and citation omitted).

The plaintiff has stated a plausible Eighth Amendment misuse of force claim based on his allegations that Officer Boyd intentionally closed the cell door on his shoulder for the purpose of injuring him. The plaintiff has established the objective element because his allegations indicate that Officer Boyd's conduct represented more than a *de minimus* use of force. Relevant to the subjective element, he has alleged that Officer Boyd's knew he should make sure that the inmate had time to enter the cell prior to closing the door and that Officer Boyd delayed opening the door; these allegations suggest that Boyd's conduct may have been motivated by malice rather than a good faith effort to maintain discipline. The court will permit this Eighth Amendment

misuse of force and the supplemental state common law claims for assault and battery against Officer Boyd to proceed at this time.

### B. Deliberate Indifference to Medical Needs

The Court construes the plaintiff's allegations as asserting Eighth Amendment claims based on Officer Boyd's and RN Pagnoni's deliberate indifference to his medical needs.

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle*, 492 U.S. at 105). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

#### 1. Officer Boyd

As to Officer Boyd, the plaintiff has established both the objective and subjective elements. The plaintiff's allegations suggest Officer Boyd was aware that the plaintiff's shoulder was injured by the closing door but refused to seek medical assistance for him. Plaintiff has also alleged that he experienced pain for six months after the injury.

For purposes of this initial review, the Court assumes that the plaintiff had a serious medical need based on the pain experienced after the door closed on his shoulder, and that Officer Boyd was aware that the plaintiff required medical treatment such as pain relief. Accordingly, this claim of deliberate indifference to Plaintiff's medical needs will proceed against Officer Boyd.

2.   RN Pagnoni

The plaintiff's allegations about RN Pagnoni's conduct relevant to his medical needs are sparse. He alleges that RN Pagnoni looked at his left shoulder and sent him back to his unit. Compl. [#1] at ¶ 5.[4] He alleges that RN Pagnoni refused to send him to the medical unit for examination. However, the allegations do not suggest that the plaintiff's shoulder required any further examination. The plaintiff was later told that his shoulder would heal on its own. *Id.* at ¶ 13. The plaintiff's allegations do not raise an inference that RN Pagnoni ignored his need for pain relief or acted with conscious disregard to a risk of harm to the plaintiff. Because the plaintiff has not stated a plausible claim of deliberate indifference by RN Pagnoni, this claim will be dismissed.

## IV.   ORDERS

The Court enters the following orders:

(1) The case shall proceed against Correction Officer Boyd on the plaintiff's claims of violation of the Eighth Amendment based on misuse of force and deliberate indifference to the plaintiff's medical needs, and on the state common law assault and battery. However, any claims for damages against Officer Boyd in his official capacity are DISMISSED.

---

[4] By contrast, the plaintiff's complaint provides substantial allegations about the asserted misrepresentations made by RN Pagnoni in the medical record.

The claims of Eighth Amendment deliberate indifference against RN Pagnoni are DISMISSED. If the plaintiff believes he can allege facts to cure the deficiencies identified in this ruling, he may file a motion to amend and attach an amended complaint within **thirty (30) days** from the date of this order.

(2) The clerk shall verify the current work address of Correction Officer Boyd, who is alleged to work at MacDougall-Walker Correctional Institution, with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to him at his confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If the defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(4) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. The defendant may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

_____/s/_____
Michael P. Shea
United States District Judge

**SO ORDERED** this 19th day of May 2020, at Hartford, Connecticut.